J-S76004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMONT COX | |
| Appellant | No. 1671 EDA 2015 |

Appeal from the PCRA Order Entered May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0231601-1993

BEFORE: STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STABILE, J.:          **FILED DECEMBER 23, 2016**

Appellant, Jermont Cox, appeals from the May 15, 2015 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-456.  We affirm.

The facts and procedural history of this case and two related cases are set forth at length in the PCRA court's July 29, 2015 opinion.  In summary, this case involves the murder of Lawrence Davis, and it is one of three cases in which Appellant was convicted of first-degree murder in the early 1990's. A trial court, sitting as fact finder, found Appellant guilty at the conclusion of an October 29, 1993 bench trial and sentenced him to life in prison.  This Court affirmed the judgment of sentence and our Supreme Court denied

_____

[*] Former Justice specially assigned to the Superior Court.

allowance of appeal on April 30, 1996.  Appellant filed the present PCRA petition on June 28, 2013, approximately 17 years after the finality of his judgment of sentence.  The present petition is therefore facially untimely under § 9545(b)(1) and the PCRA court dismissed it for lack of jurisdiction. Appellant argues the PCRA court has jurisdiction under § 9545(b)(1)(ii), which provides an exception to the PCRA's time bar where the petition is based on previously unknown facts that the petitioner could not have discovered through due diligence.  Appellant relies on a new ballistics report he obtained after a federal district court, by order of February 7, 2012, permitted discovery of the Commonwealth's ballistics evidence.

Recently, in a related case involving the third victim, Terrance Stewart, our Supreme Court held that Appellant did not act with due diligence by waiting until 2010—the year he filed his federal *habeas corpus* petition—to seek discovery of the Commonwealth's ballistics evidence.  ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016).  The Supreme Court wrote:  "there is no question that [Appellant] knew that more testing could be performed on

the ballistics evidence at the time of trial in 1995." ***Id.*** at 231. Given Appellant's lack of diligence, the Supreme Court ruled he cannot avail himself of § 9545(b)(1)(ii). The Supreme Court's analysis in ***Cox***—based on precisely the same ballistics evidence presently at issue—is controlling here. We therefore affirm the PCRA court's order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>12/23/2016</u>